1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada Bar Number 13644
   LISA C. CARTIER GIROUX
3  Nevada Bar Number 14040
   STEPHANIE N. IHLER
4  Assistant United States Attorney
   501 Las Vegas Boulevard South, Suite 1100
5  Las Vegas, Nevada 89101
   Telephone: (702) 388-6336
6  Email: lisa.cartier-giroux@usdoj.gov
   Email: stephanie.ihler@usdoj.gov

7  Attorney for the United States of America

8              UNITED STATES DISTRICT COURT
                  DISTRICT OF NEVADA
                        -oOo-

9  UNITED STATES OF AMERICA,          | COMPLAINT

10         Plaintiff                   | **Magistrate No.**  2:20-mj-00464-BNW

11  vs.                                | **VIOLATIONS:**

    TYREE WALKER,                      | Counts One:
12                                     | 18 U.S.C. § 844(n) –  Conspiracy to Commit
    DEVARIAN HAYNES, and               | Arson; and

13  RICARDO DENSMORE,                  | Counts Two:
                                       | 18 U.S.C. §§ 844(i) and 2 –  Arson
14         Defendants.

15       BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned

16  Complainant, being duly sworn, deposes and states:

                              COUNT ONE
17                      (*Conspiracy to Commit Arson*)

       On or about May 31, 2020, in the State and Federal District of Nevada,
18

                            TYREE WALKER,
19                        DEVARIAN HAYNES, and

20

                                   1

**RICARDO DENSMORE,**

defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the grand jury, to maliciously damage and destroy, and attempt to damage and destroy, by means of fire and explosive materials a vehicle, to wit: a marked Las Vegas Metropolitan Police Patrol Unit, used in interstate and foreign commerce and in activities affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Section 844(n).

<u>**COUNT TWO**</u>
(*Arson*)

On or about May 31, 2020, in the State and Federal District of Nevada,

**TYREE WALKER,**
**DEVARIAN HAYNES, and**
**RICARDO DENSMORE,**

defendants herein, maliciously damaged and destroyed, and attempted to damage and destroy, by means of fire and explosive materials a vehicle, to wit: a marked Las Vegas Metropolitan Police Patrol Unit, used in interstate and foreign commerce and in activities affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Sections 844(i) and 2.

<u>**AFFIANT EXPERIENCE**</u>

1.      I am a Certified Fire Investigator with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice, and have been so employed since June 18, 2001. I was previously employed for six years as a Special Agent with the Internal Revenue Service – Criminal Investigation Division (IRS-CI). I graduated from the Federal Law Enforcement Training Center and the ATF National Academy where I received specialized training on criminal violations of federal firearms statutes, including the Gun Control Act (Title 18, United

2

States Code), including the possession and use of firearms in relation to violations of federal narcotics statutes (Title 21, United States Code). As a Certified Fire Investigator and Special Agent with the Bureau of Alcohol, Tobacco and Firearms, I am vested with the authority to investigate violations of federal laws, including Titles 18 and 26, United States Code. I am currently assigned to the ATF Las Vegas Field Office, which specializes in federal firearms violations and the reduction of violent crime, including gang activity and narcotics violations. As a Certified Fire Investigator, I have examined approximately 130 fire scenes and am familiar with the various federal arson laws.

2.      I have been involved in an investigation, which is the subject of this Affidavit. Due to my personal participation in this investigation and reports made to myself, by other ATF agents, FBI Agents, Las Vegas Metropolitan Police Department (LVMPD) Detectives, and other law enforcement officers, I am familiar with the facts and circumstances surrounding the investigation. While I have participated in the below described investigation, I have not provided every fact learned in this Affidavit. Rather, I include only those facts necessary to establish probable cause in support of the search warrant requested herein. Facts not set forth herein are not being relied upon in reaching my conclusion that the requested warrant should be issued based on the probable cause contained herein.

3.      The following information contained within this criminal complaint is based upon your Affiant's participation in this investigation or was provided to him by other law enforcement personnel.  I have not included every fact known to me concerning these offenses. I have set forth only the facts I believe are essential to establish the necessary foundation for this complaint. All times noted are approximate.

1

**FACTS ESTABLISHING PROBABLE CAUSE**

2         4.      On May 31, 2020 at approximately 12:07 a.m., Las Vegas Fire and Rescue

3   (LVFR) responded to and suppressed a vehicle fire involving a Las Vegas Metropolitan Police

Department (LVMPD) patrol unit parked near the intersection of South Ninth Street and East

4   Carson Avenue in Las Vegas, Nevada.  The police patrol vehicle was parked in the area

5   because LVMPD officers were assigned to crowd control relating to the protest of the death of

6   George Floyd in Minneapolis, Minnesota.   Responding firefighters observed heavy smoke

from the passenger compartment upon arrival.  Firefighters suppressed the fire and requested

7   fire investigators.

8         5.      The marked unit was readily identifiable as a law enforcement vehicle by

9   markings on all sides of the vehicle. Your affiant has observed fire damage throughout the

10   passenger compartment of the vehicle.  The most significant fire damage is located on the front

passenger side of the vehicle.  On the front passenger seat of the vehicle your affiant observed a

11   melted and deformed red gas can.  A portion of a "Truly Hard Seltzer" white cardboard

12   container was stuck to the gas can.  As your affiant removed the gas can from the passenger

13   seat, liquid, which could readily be identified by smell as gasoline, spilled from the gas can.

14         6.      On May 31, 2020, a video located by LVMPD investigators captured the events.

15   The video begins as an individual, later identified by law enforcement through social media

photos and accounts as defendant **RICARDO DENSMORE**, recording the incident,

16   approached two males, later identified by law enforcement through social media photos and

17   accounts as defendants **TYREE WALKER and DEVARIAN HAYNES.  As WALKER**

18   poured a liquid from the red gas can onto a white object, the defendants can be heard discussing

19   pouring the liquid directly on the patrol vehicles.  **WALKER** approached one of the patrol

vehicles but quickly moved to the patrol vehicle parked directly behind the first vehicle, where

20

1  he was joined by **HAYNES** carrying the gas can.  Through a broken or missing front passenger

2  side window, **WALKER** ignited the white object using a butane lighter.  **WALKER** stood

3  immediately adjacent while **HAYNES** poured liquid from the gas can through the broken or

   missing window into the vehicle.  As the fire ignited, the sound of a siren from an approaching

4  LVMPD vehicle can be heard on the video.  **WALKER** dropped the unknown white object,

5  which was on fire, into the patrol vehicle.  **HAYNES** dropped the gas can inside the patrol

6  vehicle. The defendants fled on foot as the video immediately ends.  An image from

7  **DENSMORE**'s video of **WALKER and HAYNES** starting the fire is shown below.

8

9



10

11

12

13

14      7.      Your Affiant has identified the buildings in the background of the above-

15  described video, which place the location of the video as the intersection of East Carson

16  Avenue and South Ninth Street.

        8.      Based upon the examination of the marked unit and review of the video

17  evidence, your Affiant determined the fire to be incendiary; an intentional act, set by human

18  hands through the use of a transient ignition source, such as a butane lighter, and common

19  combustibles.

20

9.      Following his arrest on June 3, 2020, **DENSMORE** waived his Miranda rights both verbally and in writing. In sum and substance, **DENSMORE** admitted to his participation with **WALKER and HAYNES** in committing the arson of the LVMPD patrol car.

10.     Following his arrest on June 3, 2020, **HAYNES** waived his Miranda rights both verbally and in writing. In sum and substance, **HAYNES** admitted to his participation with **DENSMORE and WALKER** in committing the arson of the LVMPD patrol car.

11.     Following his arrest on June 3, 2020, **WALKER** waived his Miranda rights both verbally and in writing. In sum and substance, **WALKER** admitted to his participation with **DENSMORE and HAYNES** in committing the arson of the LVMPD patrol car.

12.     The LVMPD vehicle the defendants conspired to and did set on fire is property of the Las Vegas Metropolitan Police Department and Clark County, Nevada Government, and a vehicle used in interstate and foreign commerce and in an activity affecting interstate and foreign commerce. Both the LVMPD and the Clark County Government conduct business in interstate commerce, for instance by purchasing vehicles and other equipment and supplies in interstate commerce. The activities of the LVMPD and the Clark County Government in acting and enforcing laws also affect interstate commerce. Additionally, investigators have verified that this particular LVMPD vehicle was manufactured outside of the state of Nevada.

### CONCLUSION

Based on the above facts and circumstances, your Complainant believes there is probable cause that **TYREE WALKER, DEVARIAN HAYNES, and RICARDO DENSMORE** did commit violations of 18 U.S.C. § 844(n) – *Conspiracy to Commit Arson*; and 18 U.S.C. §§ 844(i) and 2 – *Arson*.

Respectfully Submitted,

Jeffrey Nardiello
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 4th day of June, 2020.

UNITED STATES MAGISTRATE JUDGE

7